IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| LISA CORNWELL, | * |
| Plaintiff, | * |
| v. | * Case No.: GJH-21-1155 |
| SYNCHRONY LENDING INC., | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

In this action, Plaintiff Lisa Cornwell alleges a violation of the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666(a), against Defendant Synchrony Bank ("Synchrony").[1] ECF No. 3. Now pending before the Court is Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 7. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the following reasons, the Motion to Dismiss is granted.

**I.   BACKGROUND[2]**

Plaintiff Cornwell has a Synchrony credit card. ECF No. 3 at 3, 7.[3] Plaintiff alleges that on February 25, 2019, A&T Automotive Care, a merchant and non-party to this action, made an unauthorized charge on her Synchrony card. *Id.* at 8. Plaintiff attaches to her Complaint a billing statement dated April 17, 2019, which shows a previous balance of $2,000, the same amount as

---

[1] Defendant was erroneously named "Synchrony Lending, Inc." in the Complaint. Defendant's correct name is Synchrony Bank. *See* ECF No. 7 at 1.

[2] Unless stated otherwise, the facts relied on herein are taken from the Complaint, ECF No. 3, and presumed true.

[3] All pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

1

the disputed purchase. ECF No. 3 at 5, 15. Plaintiff alleges that she complained to Defendant Synchrony on February 7, 2020, about this unauthorized charge, but Defendant refused to remove the charge. *Id.* at 9. On May 1, 2020, Plaintiff submitted a complaint about Defendant through the Consumer Financial Protection Bureau's online complaint system. *Id.* at 3. Plaintiff also attaches to her Complaint a copy of the CFPB complaint. *Id.* at 7.

On May 14, 2020, Plaintiff received a letter from Defendant in response to her CFPB complaint. *Id.* at 5. Plaintiff also attaches this letter to the Complaint. *Id.* Defendant stated that it had investigated the complaint and concluded that though "there is a typographic error on the merchant's invoice," it did not affect the services provided to Plaintiff. *Id.* Defendant advised Plaintiff that the "error on the invoice is strictly between you and the merchant." *Id.* Defendant did not remove the charge and stated that it considered the dispute closed. *Id.*

On August 19, 2020, Plaintiff filed a Complaint in the District Court of Maryland for Montgomery County, and Defendant was served on April 21, 2021. ECF No. 1. Defendant removed the action to this Court on May 12, 2021. ECF Nos. 1, 3. On May 13, 2021, Defendant filed the pending Motion to Dismiss. ECF No. 7. Plaintiff filed a response in opposition, ECF No. 10, and Defendant replied, ECF No. 11. Plaintiff then filed an additional letter to the Court opposing Defendant's Motion. ECF No. 12.

**II.    STANDARD OF REVIEW**

"A defendant may test the adequacy of a complaint by way of a motion to dismiss under Rule 12(b)(6)." *Maheu v. Bank of Am., N.A.*, No. 12-cv-508-ELH, 2012 WL 1744536, at *4 (D. Md. May 14, 2012) (citing *German v. Fox*, 267 Fed. App'x 231, 233 (4th Cir. 2008)). To overcome a Rule 12(b)(6) motion, a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when "the plaintiff

2

pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In evaluating the sufficiency of Plaintiff's claims, the Court accepts factual allegations in the Complaint as true and construes the factual allegations in the light most favorable to the Plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd of Comm'rs of Davidson C'ty.*, 407 F.3d 266, 268 (4th Cir. 2005). However, a court need not accept a plaintiff's legal conclusions as true, as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678. The Complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement[.]" *Nemel Chevrolet, Ltd v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). "Moreover, the court 'need not accept the [plaintiff's] legal conclusions drawn from the facts,' nor need it 'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Philips v. Pitt C'ty Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (quoting *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (internal quotation marks and citations omitted)). In addition, the Court "may also consider documents attached to the complaint, as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips*, 572 F.3d at 180.

### III.   DISCUSSION

Plaintiff does not specify her cause of action against Defendant, but her grievance centers on Defendant's alleged failure to remove an unauthorized charge from her account. Liberal construction of the pleadings is appropriate where, as here, a party is self-represented. *See Spencer v. Earley*, 278 Fed. App'x 254, 259–60 (4th Cir. 2008) (quoting *Haines v. Kerner*, 404 U.S. 519, 521 (1972)) ("[d]ismissal of a pro se complaint . . . for failure to state a valid claim is [

3

] only appropriate when, after applying this liberal construction, it appears '*beyond doubt* that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief'") (emphasis in original). "[T]he mandated liberal construction afforded to pro se pleadings 'means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so[.]'" *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). However, "judges are not also required to construct a party's legal arguments for him." *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993).

In the Motion to Dismiss, Defendant surmises that Plaintiff's cause of action is best analyzed as a claim arising under the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666(a), for failure to correct a billing error. ECF No. 7 at 5. The Court agrees that Plaintiff's claim best evokes Section 1666. In addition, in her responses to the Motion, Plaintiff engages with Defendant's arguments under the statute. *See* ECF No. 10 at 1; ECF No. 12 at 1. Thus, this Court will proceed with the analysis under Section 1666.

### A. Motion to Dismiss

"A plaintiff may maintain a cause of action under [the Truth in Lending Act] if he alleges a 'violation' of Section 1666's billing dispute resolution procedures." *Beaumont v. Citibank (S. Dakota) N.A.*, 2002 WL 483431, at *3 (S.D.N.Y. Mar. 28, 2002); *see also Rigby v. FIA Card Servs., N.A.*, 490 F. App'x 230, 234 (11th Cir. 2012) ("Enforced as part of the Truth and Lending Act, and implemented by Regulation Z, the FCBA gives a consumer the right, upon proper written notice, to request correction of 'billing errors' by its creditors.").[4] "To succeed on an FCBA claim, a plaintiff must show (l) the existence of a billing error, (2) timely notification of

---

[4] "The Fair Credit Billing Act added a number of provisions to the Truth in Lending Act . . . A primary provision . . . is [Section 1666]. This section applies whenever a creditor transmits to an obligor 'a statement of the obligor's account in connection with an extension of consumer credit.'" *Am. Exp. Co. v. Koerner*, 452 U.S. 233, 234, 101 S. Ct. 2281, 2283, 68 L. Ed. 2d 803 (1981) (quoting 15 U.S.C. § 1666(a)).

the billing error, and (3) failure of the bank issuing the card to comply with the procedural requirements of § 1666." *Farrish v. Navy Fed. Credit Union*, No. 16-cv-1429-DKC, 2017 WL 4418416, at *3 (D. Md. Oct. 5, 2017), *aff'd*, 711 F. App'x 189 (4th Cir. 2018) (quoting *Murr v. Capital One Bank (USA), N.A.*, 28 F. Supp. 3d 575, 593 (E.D. Va. 2014) (internal quotation marks omitted)).

To be timely under the statute, the plaintiff must have notified the creditor in writing within 60 days of receiving the error. *See* 15 U.S.C. § 1666(a); *Rigby*, 490 F. App'x at 236 ("With respect to timely notification, the FCBA provides that a debtor must give written notice of the alleged billing error to his creditor within sixty days of the time the faulty statement was sent."). "If a cardholder sends a written notice of any such error within sixty days of receiving a bill, the FCBA requires a creditor to acknowledge the dispute within thirty days, investigate the matter, and provide a written explanation of its decision within ninety days." *Murr v. Cap. One Bank (USA), N.A.*, 28 F. Supp. 3d 575, 593 (E.D. Va. 2014) (citing 15 U.S.C. § 1666(a)).

Defendant argues that the Complaint fails to state a claim because Plaintiff failed to notify Synchrony in writing within 60 days of receiving the billing statement showing the disputed charge. ECF No. 7-2 at 9. Defendant argues that the disputed charge appeared on an April 17, 2019 billing statement, but Plaintiff did not contact Defendant until February 7, 2020. *Id.* at 10.

In response, Plaintiff argues that she had no notice of the allegedly fraudulent charge until March 6, 2020, and thus the 60-day period did not begin until then. ECF No. 10. Plaintiff says that, in February 2019, she signed an invoice agreeing to pay "AT&T" Automotive Care. ECF No. 3 at 7. Plaintiff says that she was not aware that the merchant's legal name was A&T Automotive Care until receiving a letter from a county investigator stating that the merchant was

5

using the incorrect name on its invoices. *Id.* at 8. Plaintiff also provides a letter from the investigator to the merchant. *Id.* at 4.[5] In the letter, the investigator informs A&T Automotive Care that their billing invoices do not comply with applicable law. *Id.* The investigator states that the company name is misspelled on current forms. *Id.* The investigator also notes that the company faces enforcement action if the invoices are not changed to comply with county and state law. *Id.* Plaintiff also attaches a billing statement from April 17, 2019, which shows the disputed $2,000 charge. ECF No. 3 at 15. Plaintiff argues that though she received the billing statement, she could not identify the charge as fraudulent until after the county's investigation. ECF No. 10 at 1.

Despite Plaintiff's arguments to the contrary, her claim is time-barred. The statute does not state that the 60-day period starts when the plaintiff becomes "aware" that the charge was fraudulent. The 60 days begins after the creditor transmits the billing statement to the consumer. *See* 15 U.S.C. § 1666(a) (the requirements of the statute are invoked "[i]f a creditor, within sixty days after having transmitted to an obligor a statement of the obligor's account in connection with an extension of consumer credit, receives . . . written notice" from the obligor). Thus, Plaintiff had 60 days after the April 2019 billing statement was transmitted to file a written complaint with Defendant.[6]

Ordinarily, a Motion to Dismiss filed under 12(b)(6) "generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred." *Goodman*

---

[5] The investigator, Douglas Numbers, is with Maryland's Office of Consumer Protection. ECF No. 3 at 4.

[6] In addition, though this Court must take allegations in the Complaint as true, it does not need to accept "unwarranted inferences." *See Philips*, 572 F.3d at 180. Plaintiff's notice argument is undercut by other statements in the Complaint and documents attached to the Complaint. Plaintiff states that she initially contacted Defendant on February 7, 2020 about the disputed charge—over a month before she claims that she first became aware that the merchant was using an incorrect name. *See* ECF No. 3 at 8. Plaintiff also claims that the county's investigation was in response to a complaint she made, ECF No. 10 at 1, which is confirmed by the county investigator's letter, ECF No. 3 at 4. Plaintiff was thus aware of the disputed charge well before the March 2020 letter.

*v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). "But in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6). This principle only applies, however, if all facts necessary to the affirmative defense 'clearly appear[] on the face of the complaint.'" *Id.* (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)). Here, the time bar clearly appears on the face of the Complaint, and the Complaint can be dismissed on this ground.

Putting aside the time bar, the Complaint fails to state a claim for an additional reason. Plaintiff's complaint is not that Defendant failed to comply with Section 1666's billing dispute procedures—it's that she does not agree with the outcome of the dispute resolution process. Under the statute, a creditor must "send a written explanation or clarification to the obligor, after having conducted an investigation, setting forth to the extent applicable the reasons why the creditor believes the account of the obligor was correctly shown in the statement and, upon request of the obligor, provide copies of documentary evidence of the obligor's indebtedness." 15 U.S.C. § 1666(a); *see also* 12 C.F.R. § 226.13.

Plaintiff alleges, and the documents attached to the Complaint show, that Defendant did undertake an investigation into the complaint and then responded to Plaintiff with an explanation of the outcome of the investigation. *See* ECF No. 3 at 3, 5, 8. Indeed, as Plaintiff says in her response to the Motion to Dismiss, "The bank performed all the other procedures outlined in [Section] 1666(a)." ECF No. 10 at 1. As the statute states, "After complying with the provisions of this subsection with respect to an alleged billing error, a creditor has no further responsibility under this section if the obligor continues to make substantially the same allegation with respect

7

to such error." 15 U.S.C. § 1666(b); *see also* 12 C.F.R. § 226.13(h). Thus, for this additional reason, Plaintiff has failed to state a claim.[7]

### B. Leave to Amend

Plaintiff is proceeding pro se and has requested that this Court either grant her leave to amend or dismiss the Complaint without prejudice. ECF No. 10 at 1. Defendant opposes these requests on the grounds that the Complaint cannot be cured. ECF No. 11.

"Courts may construe 'pro se filings and subsequent reply briefs as motions to amend.'" *Johnson v. Navient Sols. LLC*, No. 18-cv-3612-GJH, 2019 WL 2270651, at *2 (D. Md. May 28, 2019) (quoting *Royal v. United States*, No. 13-cv-386-AW, 2013 WL 3868152, at *2 (D. Md. July 24, 2013)). At this stage of the litigation, the parties may amend their pleadings "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts are to "freely give leave when justice so requires," *id.*, "'unless the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" *Steinburg v. Chesterfield Cnty. Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008) (internal quotations and citations omitted).

"The determination whether to dismiss with or without prejudice under Rule 12(b)(6) is within the discretion of the district court." *Weigel v. Maryland*, 950 F. Supp. 2d 811, 825 (D. Md. 2013) (internal quotation marks omitted). "Where no opportunity is given to amend the complaint, the dismissal should generally be without prejudice." *Adams v. Sw. Va. Reg'l Jail Authority*, 524 Fed. App'x 899, 900 (4th Cir. 2013). Nevertheless, "dismissal with prejudice is

---

[7] The Court also notes that Plaintiff may not have alleged a "billing error," as defined by the statute. *See* 15 U.S.C. § 1666(b). Plaintiff states that she signed an invoice to pay "AT&T" Automotive Care before later discovering that the legal name of the merchant is A&T Automotive Care. ECF No. 3 at 7. "Billing errors include the failure to send a statement, the appearance of an error (i.e., presence of charge, absence of credit, miscalculation) on a statement, and the receipt of a statement reflecting a charge about which the cardholder requests additional information." *Beaumont v. Citibank (S. Dakota) N.A.*, 2002 WL 483431, at *3 (S.D.N.Y. Mar. 28, 2002). Plaintiff does not allege that the merchant failed to provide her with services or that the amount of the charge is incorrect.

proper if there is no set of facts the plaintiff could present to support his claim." *Weigel*, 950 F. Supp. 2d at 826.

This Court finds that amendment would be futile. Plaintiff failed to send written notice to Defendant within 60 days of the transmittal of the billing statement. Further, Plaintiff has failed to plead another key element of the claim—that Defendant failed to comply with the procedural requirements of Section 1666. Given these fundamental deficiencies in the Complaint, the Complaint is dismissed with prejudice and without leave to amend.

## IV. CONCLUSION

For the reasons discussed, the Motion to Dismiss is granted. A separate Order follows.

Dated:  January    21, 2022                           /s/_____
                                                            GEORGE J. HAZEL
                                                            United States District Judge